UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JENNIFER METCALF            )
                            )
V.                          )        NO. 2:03-CV-332
                            )
LINCOLN LOGS                )
INTERNATIONAL, LLC          )

MEMORANDUM AND ORDER

Plaintiff originally filed suit against Lincoln Logs International, LLC, on August 14, 2003, seeking damages with regard to the purported purchase of a prefabricated log home kit; plaintiff alleged that Lincoln Logs committed fraudulent and deceptive acts under the Tennessee Consumer Protection Act [Tenn. Code Ann. § 47-18-104], as well as common law misrepresentation and fraud.

On February 4, 2005, plaintiff filed an Amended and Restated Complaint, in which she added as defendants Regency Holdings, Inc., Richard Shoff, and Yorleny Rivera. As to Lincoln Logs International, plaintiff's amended complaint asserted the same causes of actions except, in addition to the Tennessee Consumer Protection Act, she also alleged a violation of a similar North Carolina statute.[1] Further, with respect to the newly-added defendants, plaintiff alleged that Lincoln Logs International and Regency Holdings, Inc., were and are engaged in a joint venture for the manufacture

---

[1] Lincoln Logs International has its principal place of business in North Carolina.

and sale of log homes, and each acted as the agent of the other. And with respect to Shoff and Rivera, plaintiff alleged that these two individual defendants seriously undercapitalized Lincoln Logs International and treated it as their alter ego, as the result of which the corporate veil of Lincoln Logs should be pierced and personal liability imposed upon Shoff and Rivera.

Regency Holdings, Inc., Richard Shoff, and Yorleny Rivera have moved for summary judgment [Doc. 73], arguing that the applicable statute of limitations has run with respect to each of them. Further, the defendant Regency Holdings, Inc., argues that there is no evidence to support plaintiff's claim that it was in a joint venture with Lincoln Logs, or that either of them was the agent of the other.

In her original complaint, plaintiff relied upon the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-104, as well as common law misrepresentation and fraud. In her amended complaint, in addition to naming three new defendants, plaintiff also alleged that the defendants violated not only the Tennessee Consumer Protection Act, but also § 75-1.1 of the Acts of the North Carolina General Assembly which, it is assumed, is roughly analogous to the Tennessee Consumer Protection Act. However, these two statutory schemes have one huge difference: under the Tennessee Consumer Protection Act, a plaintiff has one year from the plaintiff's discovery of the unlawful act or practice in which to file suit,[2] whereas the North Carolina act provides

---

[2] Tenn. Code Ann. § 47-18-110.

for a **four-**year period of time in which to bring suit.[3] Plaintiff's amended complaint was not filed within the one year as allowed by the Tennessee statute but certainly was filed within four years as the North Carolina statute provides.

As to plaintiff's "alter ego" theory of recovery against Shoff and Rivera, her suit is timely filed even if the Tennessee statute of limitations is applicable; if Lincoln Logs indeed was the alter ego of Shoff and Rivera, it follows that any suit filed against Lincoln Logs in fact also was filed against Shoff and Rivera. In other words, filing suit against Lincoln Logs International amounted to filing suit against Shoff and Rivera, and vice versa. Shoff's and Rivera's liability will be *derivative,* not vicarious; the case of *Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F.Supp.2d 472 (W.D. N.C. 2003), is squarely on point; District Judge Thornburg's reasoning and logic are unassailable.

But the same cannot be said with regard to plaintiff's amended complaint filed against Regency Holdings, Inc. Plaintiff did not assert an alter ego theory of recovery against Regency Holdings; rather, plaintiff alleged that Lincoln Logs and Regency Holdings were and are engaged in a joint venture for the manufacture and sale of log homes, and each acted as the agent of the other with respect to the transaction at issue. Thus, Regency Holdings' liability, if any there be, would be vicarious, not derivative. Such being the case, plaintiff's suit against Regency Holdings, *under the Tennessee Consumer Protection Act,* would be barred by the one-year statute of limitations; there

---

[3]N.C. Gen. Stat. Ann. § 75-16.2.

3

is nothing in Fed.R.Civ.P. 15(c)(3) which would cause the amended complaint to relate back to the date of the filing of the original complaint. Plaintiff's amended complaint, however, *is timely filed* under the North Carolina act. Thus the question: Who's law applies in this case, Tennessee's or North Carolina's?

There is no doubt that North Carolina's substantive law should apply to this case: each of the individual defendants resides in North Carolina; Lincoln Logs International is incorporated in North Carolina and has its principal place of business there; Regency Holdings, Inc., was incorporated in North Carolina and has its principal place of business there; the log home which plaintiff proposed to buy was, or would have been, manufactured in North Carolina; and most importantly of all, the alleged contract between plaintiff and Lincoln Logs International was entered into in North Carolina. The only connection Tennessee has to this case is (1) the plaintiff resides here, (2) the log home manufactured by Lincoln Logs ultimately would have been constructed here, and (3) plaintiff filed suit here. Placing all these factors into the balance, North Carolina's law should apply. *See, Restatement Second of Conflicts of Law,* § 188 (1971).

Inasmuch as North Carolina's substantive law applies in this case, it follows that the four-year statute of limitations likewise applies to each of the defendants.

Obviously, the very factors that determined that North Carolina's body of substantive law should apply also suggest that the Tennessee courts initially had no *in*

4

*personam* jurisdiction over any of these defendants. But none of the defendants posed that defense within the time required by Fed.R.Civ.P. 12(b); as a result, the defenses of lack of *in personam* jurisdiction and improper venue have been waived, Fed.R.Civ.P. 12(h).

Shoff's and Rivera's Motion for Summary Judgment premised on the statute of limitations is DENIED. Similarly, the statute of limitations is no bar to plaintiff's suit against Regency Holdings, Inc. Further, there are issues of fact in this record regarding Regency Holdings, Inc.'s relationship to Lincoln Logs International such that summary judgment would not be appropriate.

In conclusion, the defendants' Motion for Summary Judgment [Doc. 73] is DENIED.

SO ORDERED:

                                     s/ Dennis H. Inman
                                   United States Magistrate Judge

5

Case 2:03-cv-00332   Document 101   Filed 11/17/05   Page 5 of 5   PageID #: 58